# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 6:10-0333**<br>**CIVIL NO. 6:12-1333** |
| **VERSUS** | * | **JUDGE HAIK** |
| **HUETZIN CACH-SOLIS** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner, Huetzin Cach-Solis.  [rec. doc. 30].  The Government has filed an Answer and Memorandum in Support, to which petitioner filed a Reply. [rec. docs. 36 and 37].  For the following reasons, the undersigned recommends that the Motion be **DENIED AND DISMISSED WITH PREJUDICE**.  Because the undersigned is able to make this recommendation based on the record, transcripts and briefs filed by the parties, no evidentiary hearing is necessary.[1]

## BACKGROUND

On December 15, 2010, petitioner pled guilty to a one-count indictment charging him with Aggravated Re-entry of an Alien after Deportation in violation of 8 U.S.C. § 1326(b)(2). [rec. doc. 21].

In connection with the plea, petitioner executed a Plea Agreement in which he acknowledged, in writing, that he understood that as a consequence of his plea and

---

[1]No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record.  *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir.1989).

conviction he could be immediately deported and removed from the United States upon completion of his sentence.  To facilitate his removal, petitioner agreed to waive his rights to all forms of relief from removal and to abandon any pending applications for such relief.  The Plea Agreement additionally states that petitioner's counsel, Carol Whitehurst, read and discussed the Plea Agreement with petitioner, and that petitioner discussed the Plea Agreement with his counsel, with whose legal services he was satisfied, and that he accepted the Plea Agreement without reservation.  [rec. doc. 22, pg. 4-5].

Petitioner also executed a Stipulated Factual Basis for Petitioner's Guilty Plea, in which petitioner stipulates as follows: (1) that he was deported from Laredo, Texas on June 17, 2000 after being convicted of theft in Norcross, Georgia, (2) that he was again deported from Laredo, Texas on October 3, 2007 after being convicted of second degree robbery in Houston, Texas on June 9, 2005 for which he was sentenced to six years imprisonment, (3) that "[o]n April 19, 2009, petitioner was arrested by the Iberia Parish Sheriff's Office for Possession with Intent to Distribute Marijuana (charges declined by the District Attorney's Office)", and (4) that petitioner did not receive permission from the Attorney General or Secretary of Homeland Security to re-enter the United States. [rec. doc. 22-2].

During the plea proceeding, petitioner acknowledged, while under oath, that he had previously been convicted of second degree robbery on June 9, 2005 in Harris County, Texas, after which he was deported on October 3, 2007. [rec. doc. 35, pg. 10].

Petitioner further acknowledged that he understood everything in the Plea Agreement and that he had signed the document after reading it with his attorney and having it read to him in Spanish by the interpreter. [*Id*. at 15]. Moreover, both petitioner's counsel and the interpreter additionally informed the Court that they had no doubt that petitioner understood the Plea Agreement. [*Id.* at 16].

Petitioner also acknowledged, while under oath, that he signed the Stipulated Factual Basis for his plea after reading the document with his attorney, and that everything in the document was true and correct. [*Id*. at 20].  Petitioner further acknowledged that he was arrested by the Iberia Parish Sheriff's Office for possession with intent to distribute marijuana, but that the charges were declined by the District Attorney's Office, and that he had previously been convicted of second degree robbery in Texas on June 9, 2005, for which he was deported on October 3, 2007. [*Id*. at pg. 19-20].

A Pre-Sentence Investigation Report (PSI) was issued.  Under USSG § 2L1.2(a) of the Guidelines, petitioner's base offense level was 8. [PSI ¶ 13]. However, pursuant to USSG § 2L1.2(b)(1)(A), an additional 16 levels were added because petitioner had previously been deported after being convicted of a crime of violence, second degree robbery [PSI  ¶ 14], and three levels were subtracted for petitioner's timely acceptance of responsibility, for a total offense level of 21.

Petitioner's criminal history computation revealed two prior convictions, for which five criminal history points were assessed. [PSI  ¶ 25, 27, 28].  An additional two points

3

were added because petitioner committed the instant offense while on parole. [PSI ¶ 29]. Thus, these seven points placed petitioner in criminal history category IV. [PSI ¶ 30].

Petitioner's total offense level of 21 and his criminal history category of IV resulted in a Guidelines sentencing range of 57 to 71 months. [PSI ¶ 48].

On April 27, 2011, petitioner appeared for sentencing.  The Court sentenced petitioner to 71 months imprisonment with credit for time served from November 4, 2010, the date of the ICE detainer.  Judgment was entered on this Court's docket on April 28, 2011. [rec. docs. 25 and 26].

Petitioner did not directly appeal his conviction or sentence.  The instant motion to vacate was signed by petitioner on April 26, 2012, postmarked May 22, 2012 and filed by the Clerk of this Court on May 24, 2012.  Petitioner asserts the following claims for relief: (1) that his counsel was ineffective by failing to inform him that entering a guilty plea would subject him to deportation; (2) that his counsel had a conflict of interest because her cousin is a case agent who was involved in petitioner's arrest; and (3) that he was improperly subjected to a sixteen point sentencing enhancement, to which his attorney failed to object.

## LAW AND ANALYSIS

### Timeliness of the Motion

The government asserts that the instant Motion has been untimely filed. Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant

to § 2255.  This limitation period generally runs from the date that the conviction

becomes final. 28 U.S.C. § 2255(f)(1).  Petitioner's conviction became final on May 12,

2011, fourteen days after petitioner's judgment of conviction was entered on this Court's

docket.  *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).  Petitioner

therefore had one year, or until May 12, 2012, to file his § 2255 Motion in this Court.

   The government contends that because the motion is postmarked May 22, 2012

and "there is no indication on the motion or envelope as to when the envelope containing

the motion was given to prison authorities for mailing", the motion has been untimely

filed. The government offers no evidence of the date the motion was delivered to prison

authorities.

   Under the "mailbox rule" the Motion is deemed filed when it is handed over to

prison authorities for mailing.  *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998).  In this

case, the Motion was signed by petitioner on April 26, 2012.  Moreover, by Reply,

petitioner alleges that he presented his motion to prison authorities before the one-year

limitation period expired. [*See* rec. doc. 37].

   While the undersigned is reluctant to accept petitioner's unsupported allegations,

the undersigned cannot accept the government's argument.  Although there is no Fifth

Circuit case directly on point, other courts, including this court, have held that the burden

is on the government, not the petitioner, to prove the date that a petitioner delivered his

documents to be mailed.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir.

5

2001) *citing Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993); *Ray v. Clements*, 700

F.3d 993, 1011 (7th Cir. 2012); *Sampia v. Cain*, 98-2132, rec. doc. 27 (W.D. La. 2001)

*citing Washington, supra*; *see also Sampia v. Cain*, 48 Fed.Appx. 916, *2 at fn.3 (5th Cir.

2002) (noting that this court found a *habeas* petition timely "because prison authorities

had failed to satisfy their burden to show that the petition was *not* timely filed").

       For this reason, the undersigned will proceed to the merits of petitioner's claims.

**Claims Properly Considered in this § 2255 Motion/Scope of Review**

       A federal prisoner may collaterally attack his conviction and sentence by filing a

motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Section

2255 provides four grounds justifying relief:  (1) "that the sentence was imposed in

violation of the Constitution or laws of the United States;" (2) "that the court was without

jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the

maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral

attack."

       While this language appears broad, the scope of review is actually narrow.  The

Supreme Court and the Fifth Circuit have emphasized repeatedly that "a collateral

challenge may not do service for an appeal."  *United States v. Shaid,* 937 F.2d 228, 231

(5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141

(1992) *citing United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584 (1982).

Following a conviction and exhaustion or waiver of the right to direct appeal, federal

courts presume a defendant stands fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5ᵗʰ Cir.) *reh. denied* (1998) *citing Shaid,* 937 F.2d at 231-32; *Frady,* 456 U.S. at 164.

As a result, review under § 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude.  *Cervantes,* 132 F.3d at 1109; *Shaid,* 937 F.2d at 232; *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468 (1962).   However, those issues may not be raised for the first time on collateral review without a showing of both cause for the procedural default and actual prejudice resulting from the error.  *Cervantes,* 132 F.3d at 1109; *Shaid,* 937 F.2d at 232 *citing Frady,* 456 U.S. at 166.[2]

Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice.  *Cervantes*, 132 F.3d at 1109 *citing United States v. Pierce,* 959 F.2d 1297, 1301 (5ᵗʰ Cir. 1992), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record.  *U. S. v. Green,* 882 F.2d 999, 1008 (5ᵗʰ Cir.1989).  The issues presented in the instant case are either contrary to law or plainly refuted by the record.  Accordingly, no evidentiary hearing is

---

[2]A departure from the cause and actual prejudice test might be warranted in cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Shaid*, 937 F.2d at 232; *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2645 (1986).  Petitioner does not contest his actual guilt, thus this exception is inapplicable here.

necessary.  The issues will be resolved by considering the briefs filed by the parties and the court record.

## I. Ineffective Assistance of Counsel

Courts can consider claims of ineffective assistance of counsel that are brought for the first time in a § 2255 motion. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). However, petitioner's guilty plea constitutes a waiver of all non-jurisdictional defects in the prior proceedings.  *United States v. Glinsey,* 209 F.3d 386,392 (5th Cir. 2000); *United States v. Bendicks*, 449 F.2d 313, 315 (5th Cir. 1971). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Glinsey*, 209 F.3d at 392.

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 688.  Judicial scrutiny of counsel's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at

8

689.  The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (citation omitted).  Thus, this court's review "strongly presum[es] that counsel has exercised reasonable professional judgment."  *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) *quoting  Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th  Cir. 1986).

*Strickland's* prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[3] A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068.   With respect to guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance

---

[3]The *Strickland* court outlined the extent of prejudice that must be established by the defendant:
An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment.  *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).

Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.

When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

9

affected the outcome of the plea process." *Glinsey,* 209 F.3d at 392 *quoting Hill v.*

*Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Thus, the

petitioner "must show that there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." *Id.*

A petitioner must affirmatively prove prejudice.  *Deville*, 21 F.3d at 659; *Mangum*

*v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th

Cir. 1998).  Self serving conclusory statements that the outcome would have been

different "fall far short of satisfying *Strickland'*s prejudice element."  *Sayre*, 238 F.3d at

635.  Moreover, allegations of a mere possibility of a different outcome are insufficient to

establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

Because both *Strickland* factors, that of deficient performance and prejudice, must

be satisfied, "an ineffective assistance contention may be rejected on an insufficient

showing of prejudice, without inquiry into the adequacy of counsel's performance."

*Strickland,* 466 U.S. at 689-94.  Petitioner must satisfy both prongs of *Strickland,*

demonstrating both that counsel's  performance was deficient and that the deficiency

prejudiced the defense.  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v.*

*Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory

allegations in support of a claim of ineffective assistance of counsel are insufficient to

raise a constitutional issue.*" Green,* 160 F.3d at 1043.

**A.  Failure to Inform**

Petitioner alleges that his counsel was ineffective by failing to inform him that by entering a guilty plea he would be subject to deportation.  As set forth above, the written Plea Agreement executed by petitioner prior to entry of his guilty plea expressly states that petitioner understood and acknowledged that entry of his guilty plea and his conviction could subject petitioner to immediate deportation and removal from the United States upon completion of his sentence.  Petitioner therefore agreed to waive his rights to all forms of relief from removal and to abandon any pending applications for such relief.

Moreover, contrary to petitioner's present claim, the Plea Agreement expressly states that petitioner's counsel, Carol Whitehurst, read and discussed the Plea Agreement with petitioner, and also that petitioner discussed the Plea Agreement with his counsel, with whose legal services he was satisfied, and that he accepted the Plea Agreement without reservation.  [rec. doc. 22, pg. 4-5].  Any documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight."  *United States v. Abreo*, 30 F.3d 29, 32 (5th  Cir. 1994).

Furthermore, during the plea proceeding, petitioner acknowledged, while under oath, that he understood everything in the Plea Agreement and that he had signed the document after reading it with his attorney and having it read to him in Spanish by the interpreter. [rec. doc. 35, pg. 15].  Moreover, both petitioner's counsel and the interpreter additionally informed the Court that they had no doubt that petitioner understood the Plea

11

Agreement. [*Id.* at 16].  A defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath.  *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing  United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings."  *Id*. *quoting  Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977).

In light of the above, it is clear that counsel did in fact advise petitioner that as a consequence of the entry of his guilty plea, he could be immediately deported upon completion of his sentence.  Counsel's performance was therefore not deficient.

Moreover, even if counsel had not advised petitioner of this consequence, which claim is refuted by the record before this Court, petitioner cannot show that he suffered any prejudice as a result of counsel's alleged failure.  The Plea Agreement, signed by petitioner, provided more than sufficient notification to petitioner of the consequences of his plea.  As such, there is  no reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Glinsey,* 209 F.3d at 392 *quoting Hill v. Lockhart*, *supra*.  Petitioner's self serving statements to the contrary "fall far short of satisfying *Strickland'*s prejudice element." *Sayre*, 238 F.3d at 635.

12

**B.  Sixteen Point Enhancement**

Petitioner next alleges that he was improperly subjected to a sixteen point sentencing enhancement, to which his attorney failed to object.   As set forth above, an additional sixteen levels were added to petitioner's base offense level pursuant to USSG § 2L1.2(b)(1)(A).  That section provides for a sixteen level increase "if the defendant previously was deported . . . after a conviction for a felony that is . . . a crime of violence . . . ."   USSG § 2L1.2(b)(1)(A).   A "crime of violence" is defined in the Application Notes as including robbery.  USSG § 2L1.2, Application Note (1)(B)(iii).

In this case, petitioner acknowledged in both the Stipulated Factual Basis for Petitioner's Guilty Plea and in open court, while under oath, that he had previously been deported after being convicted of second degree robbery, a crime of violence for application of USSG § 2L1.2(b)(1)(A).  The sixteen point enhancement was therefore proper.  Counsel's performance was not deficient because counsel need not make a frivolous objection. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) *citing Koch v. Puckett,* 907 F.2d 524, 527 (5th  Cir. 1990); *see also United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) *citing Green*, 160 F.3d at 1037 ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. . . .").   Petitioner has not satisfied the first *Strickland* requirement.   Thus, this claim is without merit.

**C. Conflict of Interest**

In his last claim, petitioner contends that he was denied the effective assistance of counsel because  petitioner's attorney represented him under a conflict of interest because her cousin is a narcotics agent who was involved in petitioner's Iberia Parish arrest.

In cases like the present case, where the alleged conflict stems not from multiple or serial representation, but from conflicts between an attorney and his client, the applicable standard is that set forth above in *Strickland v. Washington*.  *Beets v. Scott*, 65 F.3d 1258, 1265-1266 (5th Cir. 1995).   Accordingly, to warrant *habeas* relief, petitioner must demonstrate the presence of a conflict between himself and counsel which caused him prejudice.  This petitioner has not done.

Even if counsel was related to one of the narcotics agents who arrested him in Iberia Parish on a Louisiana state marijuana charge, it is undisputed that the charge was not accepted by the District Attorney, and petitioner was therefore never prosecuted for that crime.

Moreover, it is clear that petitioner's Louisiana state marijuana charge had absolutely no connection to, nor effect on, the federal immigration charge for which petitioner was prosecuted in this Court.  As such, there would have been no basis for the Court to remove counsel.

Finally, the record before this Court establishes that the alleged relationship did not hamper counsel's representation of petitioner.  To the contrary, the record

14

demonstrates that petitioner's counsel rendered meaningful, effective assistance throughout the entire criminal prosecution.  Counsel zealously represented petitioner at all stages of the criminal proceeding, ultimately obtaining a favorable plea bargain from the government.

In sum, counsel was not only conscious of her duties to her client, she sought conscientiously to discharge those duties, and in so doing, ensured that the adversary process was reliable.  Petitioner's claim therefore is without merit.

For the reasons set forth above, the undersigned recommends that Huetzin Cach-Solis' § 2255 Motion be **DENIED and DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed 15th day of February, 2013, at Lafayette, Louisiana.


_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE



Copy sent:  RTH
On: 2/15/2013
By:  MBD

16